## DEN D. SALTAR v. APPLEGATE.

If the *jurat* to the official oath of the commissioners in a commission to take the depositions of foreign witnesses be signed "A. B., Justice of the Supreme Court of Nova Scotia," the court will intend that he had power to administer an oath, though it be no where averred in the proceeding.

In ejectment before Justices CARPENTER and RANDOLPH.

This was an action laid at the last Mercer Circuit. Mr. *Field*, for the defendant, moved for a rule to show cause why the verdict should not be set aside. At the trial, testimony taken in Nova Scotia under a commission was offered, which was objected to on the ground that it did not appear on the face of the return that the commissioners were sworn before a person lawfully authorized to administer an oath. The oath, as administered, was returned upon the commission, and by the *jurat* it appeared that the commissioners had been sworn before a person whose name was subscribed "A. B., Justice of the Sup. Court of Nova Scotia." There was no recital in the return of the commissioners that they had been sworn before a person *lawfully authorized to administer an oath*, nor was it so stated in the affidavit or *jurat*.

The objection was overruled, and Mr. *Field*, for the defendant, now moved for a rule, on the ground that the justice who tried the cause had erred in the admission of the testimony. He cited *Den* d. *Perry* v. *Thompson*, 1 *Harr*. 72.

Mr. *Vroom*, contra, insisted that the court would infer power to administer an oath in a judge of a court of high jurisdiction, such as the Supreme Court of that British province.

The court refused the rule.